# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50385
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA JERMAINE LOVETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-59

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Joshua Jermaine Lovett appeals the sentence imposed following the revocation of his prior terms of supervised release. He contends that the above-guidelines sentence is plainly unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Specifically, Lovett argues that the sentence exceeded the punishment required to reflect the seriousness of his breach of trust and failed to account

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for his substance abuse problems, the support of his family, his vow not to get in trouble again, and the serious charges he faced in state court.  Because he did not object to the reasonableness of his sentence after it was imposed, our review is limited to plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

The record reflects that the district court considered the recommended imprisonment range of 6 to 12 months, the 24 and 60-month statutory maximum terms of imprisonment, the nature and circumstances of Lovett's supervised release violations, Lovett's substance abuse problems, the probation officer's prior efforts to help Lovett during the supervised release term, Lovett's pending state charges, and Lovett's request that he not be sentenced to an additional term of supervised release.  The district court ultimately concluded that concurrent terms of 24 months of imprisonment on Counts One and Three and an additional 36-month term of supervised release on Count Three was appropriate based on the circumstances of the case and the § 3553(a) factors.  We have routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum.  *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  Although sentences should be based on individualized assessments of the facts in each case, *Gall v. United States*, 552 U.S. 38, 50 (2007), there is nothing in the record to indicate that Lovett's case presents an exception to this general rule.  Because Lovett has failed to show that his revocation sentence is plainly unreasonable or plainly erroneous, *see id.* at 326, 332-33, the district court's judgment is AFFIRMED.